**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JONATHAN J. CHAVEZ NAVARRETE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. ________________ |
| v. | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jonathan J. Chavez Navarrete files this Original Complaint against Defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, and states as follows:

## I. PARTIES

1. Plaintiff Jonathan J. Chavez Navarrete is an individual residing in Harris County, Texas.

2. Defendant United States of America may be served under Federal Rule of Civil Procedure 4(i)(1) by (a) delivering a copy of the summons and complaint to the United States Attorney for the Southern District of Texas, or to an assistant United States attorney or clerical employee designated in writing, or by sending a copy by registered or certified mail to the civil-process clerk at the United States Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002; and (b) sending a copy by registered or certified mail to the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001.

## II. JURISDICTION AND VENUE

3. This Court has exclusive jurisdiction over this action under 28 U.S.C. § 1346(b)(1), which governs civil actions on claims against the United States for money damages for personal injury or loss of property caused by the negligent or wrongful act or omission of a federal employee acting within the scope of his office or employment.

4. The United States is the only proper defendant. 28 U.S.C. § 2679(a), (b)(1); 39 U.S.C. § 409(c).

5. Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1402(b) because Plaintiff resides in this district and the acts and omissions complained of occurred in Bellaire, Harris County, Texas.

## III. ADMINISTRATIVE EXHAUSTION AND TIMELINESS

6. Plaintiff's claim accrued on August 3, 2022.

7. Plaintiff presented a written administrative claim to the United States Postal Service ("USPS"), the federal agency whose employee caused the collision, stating a sum certain of $253,660.53. The claim was mailed to and received by USPS on April 9, 2024, within two years after the claim accrued. 28 U.S.C. §§ 2401(b), 2675(a); 28 C.F.R. § 14.2(a); 39 C.F.R. § 912.5.

8. USPS did not make final disposition of the claim within six months after it was presented. Plaintiff therefore may deem the claim finally denied. 28 U.S.C. § 2675(a).

9. On June 24, 2026, USPS notified Plaintiff by email that it did not accept Plaintiff's demand and was willing to consider a "reasonable" demand. No notice of final denial has been sent to Plaintiff or his counsel by certified or registered mail.

10. This action is timely under 28 U.S.C. § 2401(b). The six-month limitations period runs only from the date of mailing, by certified or registered mail, of notice of final denial. 28 U.S.C. § 2401(b); 28 C.F.R. § 14.9(a); *Flory v. United States*, 138 F.3d 157, 159–60 (5th Cir. 1998). In any event, this action is filed within six months of June 24, 2026.

11. All conditions precedent to this action have been performed or have occurred.

## IV. FACTS

12. On August 3, 2022, at approximately 6:21 p.m., Plaintiff was driving a 2022 Ford F-150 eastbound on Bellaire Boulevard in the 4900 block, approximately 200 feet east of South Rice Avenue, in Bellaire, Harris County, Texas. Plaintiff was traveling in Lane 1.

13. At the same time and place, John Mario Wilson was operating a 2020 International HV613 truck tractor owned by USPS ("Unit 1") eastbound on Bellaire Boulevard in Lane 2. Unit 1 was towing a second USPS-owned 2020 International HV613 truck tractor ("Unit 2").

14. Wilson moved Unit 1 and Unit 2 from Lane 2 into Lane 1 when that movement could not be made safely. Unit 2 struck the right front quarter of Plaintiff's vehicle. The impact tore the front grille from Plaintiff's vehicle, and the vehicle was towed from the scene.

15. The investigating officer of the Bellaire Police Department determined that Unit 1 and Unit 2 made an unsafe lane change and cited Wilson for unsafe lane change (Citation No. 218808). Texas Peace Officer's Crash Report, Case ID 220802-0143. A copy of the crash report, with personal identifiers redacted under Federal Rule of Civil Procedure 5.2, is attached as Exhibit 1.

16. Plaintiff was transported from the scene by ambulance to Memorial Hermann Memorial City. As a result of the collision, Plaintiff sustained injuries.

17. At the time of the collision, Wilson was an employee of USPS, an independent establishment of the executive branch of the United States, and was operating a USPS vehicle in the course and scope of his employment and in furtherance of USPS business.

## V. CAUSES OF ACTION

### Count One — Negligence

18. The United States is liable for the negligent acts and omissions of its employees acting within the scope of their employment "in the same manner and to the same extent as a private individual under like circumstances," in accordance with the law of the place where the act or omission occurred. 28 U.S.C. §§ 1346(b)(1), 2674. Texas law governs.

19. Wilson owed Plaintiff a duty to exercise ordinary care in operating Unit 1 and the towed Unit 2. Wilson breached that duty by, among other things:

a. changing lanes when the movement could not be made safely;

b. failing to keep a proper lookout for vehicles in the adjacent lane;

c. failing to yield to Plaintiff's vehicle, which was lawfully occupying Lane 1;

d. failing to maintain control of Unit 1 and the towed Unit 2; and

e. failing to take timely action to avoid the collision.

20. Each of these acts and omissions, singularly or in combination, was a proximate cause of the collision and of Plaintiff's injuries and damages.

### Count Two — Negligence Per Se

21. Texas Transportation Code § 545.060(a) requires an operator on a roadway divided into two or more clearly marked lanes to drive as nearly as practical entirely within a single lane and prohibits moving from the lane unless that movement can be made safely. The

statute is designed to protect motorists in adjacent lanes from the type of collision that occurred here.

22. Wilson violated § 545.060(a) without legal excuse. Plaintiff is within the class of persons the statute protects, and the violation was a proximate cause of Plaintiff's injuries and damages.

**Count Three — Respondeat Superior**

23. Wilson was acting within the course and scope of his employment with USPS when he committed the negligent acts and omissions described above. The United States is liable for Wilson's negligence. 28 U.S.C. §§ 1346(b)(1), 2674.

## VI. DAMAGES

24. As a proximate result of Defendant's negligence, Plaintiff has sustained the following damages:

a. reasonable and necessary medical expenses in the past and, in reasonable probability, in the future;

b. physical pain and suffering in the past and future;

c. mental anguish in the past and future;

d. physical impairment in the past and future;

e. lost wages and loss of earning capacity; and

f. property damage to the 2022 Ford F-150 Plaintiff was operating, including the reasonable cost of repair or, if the vehicle was not economically repairable, the loss of its fair market value; towing and storage charges; and loss of use of the vehicle.

25. Plaintiff seeks damages in an amount not exceeding the sum certain stated in his administrative claim, $253,660.53, except as permitted by 28 U.S.C. § 2675(b).

26. Under 28 U.S.C. § 2402, this action will be tried to the Court without a jury.

## VII. PRAYER

Plaintiff Jonathan J. Chavez Navarrete requests that the Court enter judgment in his favor against the United States of America for:

a. damages in an amount not exceeding $253,660.53;

b. costs of court under 28 U.S.C. § 2412(a); and

c. all other relief to which Plaintiff is entitled.

Respectfully submitted,

**DENICKS LEGAL, PLLC**
/s/ Chukwuma Njaka
Chukwuma Njaka, Esq.
Attorney-in-Charge
Texas Bar No. 24104120
Federal Bar No. 3516594
7324 Southwest Freeway, Ste. 370
Houston, Texas 77074
Tel.: (713) 909-4269
Fax: (346) 330-5663
info@denickslegal.com
e-service@denickslegal.com

**ATTORNEY FOR PLAINTIFF**